## JAMES WEDGE *vs.* THE STATE.

The act of 1852, ch. 63, makes the *margin* part of the indictment, and a defect for want of a *venue* in the *body* of an indictment, it being stated in the *margin*, is cured thereby; the design of this act was to relieve prosecutions from some of the technical refinements existing at common law, and should be construed rationally.

Under this act, a judgment cannot be stayed or reversed for any mere imperfections in matters of form, which do not tend to the prejudice of the defendants.

ERROR to the Circuit Court for Prince Georges county.

The plaintiff in error was indicted in Prince Georges county for larceny. The record states that the proceedings took place at the April term 1858, of the circuit court for Prince Georges county, "begun and held in Upper Marlborough town, in and for said county, for the trial of all felonies, crimes, offences and misdemeanors committed in the county of Prince Georges." The indictment is as follows:

"State of Maryland, Prince Georges county, to wit: The jurors of the State of Maryland, for the body of Prince Georges county, do, on their oaths, present, that James Wedge, a free negro, on the eighth day of April, in the year of our Lord one thousand eight hundred and fifty-eight, one wagon of the value of ten dollars, of the goods and chattels of one Francis Lusby, then and there being found, feloniously did steal, take and carry away, contrary to the act of Assembly in such case made and provided, and against the peace, government and dignity of the State."

The traverser pleaded *not guilty,* and the cause, upon his suggestion, having been removed to Anne Arundel county for trial, the plea was stricken out, and a *general demurrer* filed, which was *overruled,* the plea again entered, and the case tried and a verdict of guilty rendered. A motion in arrest of judgment was then made, upon the grounds that the indictment does not charge that the offence was committed in Prince Georges county, and is defective by reason of the omission of the statement of the venue, and in other respects, and that the court erred in deciding that these defects were cured by the act of 1852, ch. 63.

This motion the court (BREWER, J.,) overruled, and passed sentence upon the prisoner. To correct this judgment the traverser sued out the present writ of error.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J.

*Jas. S. Franklin* and *Oliver Miller* for the plaintiff in error:

1st. This indictment is clearly defective at *common law,* by the omission of the *venue* in that part of it technically known as the *statement,* in which every material fact which is a necessary ingredient of the offence, must be distinctly set forth. *Wharton's Cr. Law,* (3 *Ed.*) 168. The *caption,* which ends with the words *"present that,"* forms no part of the indictment, but is a mere *preamble,* in which are set forth the style of the court at which, and the grand jury by whom, the indictment *which follows* is found, ( *Wharton,* 150;) a reference to the *caption* in the *statement* is insufficient, ( *Wharton,* 167, 168,) and jurisdiction of the court is a material fact, which must be shown in the *body* of the indictment. In this case there is a total omission to charge that the stealing occurred in Prince Georges county. If the words "then and there," in the *statement,* were permitted to refer to the caption, there is no *time* there stated to which the word *then* can refer, and if restricted to the legitimate reference, viz: to the preceding part of the statement, there is no *place* or *venue* to which the word *there* can refer. Time and place must be added to every ma-

terial fact in the indictment, (*Wharton*, 162,) and though *after* time and place are *once distinctly set forth in the statement*, they may be referred to by the words *then* and *there*, (*Wharton*, 164,) yet *otherwise* they are insufficient, though stated in the caption. 1 *Wat. Arch.*, 85—1, *note* 2.

2nd. The indictment being thus clearly defective at *common law*, it is not cured by the act of 1852, ch. 63, upon *demurrer*, but such defect, when objected to in that mode, is still fatal. This act declares "that no indictment shall be *quashed*," "nor shall any *judgment* be *stayed* or *reversed* for want of a proper and perfect venue," &c., "nor for any matter or cause which might have been a subject of *demurrer*." This is neither a motion to *quash* nor to *stay the judgment*, but the error assigned is, that judgment should have been given for the prisoner upon the *demurrer*. A motion to quash is in every respect distinct from a demurrer; the judgment in the one case is, that the indictment be *quashed*, in the other, that the party is not bound to answer. *Arch.*, 79, 81. Quashing is *discretionary* with the court, and refusal is not ground for writ of error, but a demurrer is in both respects directly the reverse. *Wharton*, 240 to 244. 1 *Wat. Arch.*, 101—1, 115. The object of the act of 1852, was not to *cure* the specified defects in indictments, but simply to *compel* parties to take advantage of them by *demurrer*, and to prevent parties from taking advantage of them by a *motion in arrest*, after trial and verdict, in which case, if sustained, criminals would escape punishment. It does not profess to say that such defects shall not be equally fatal as before, upon demurrer. Again, the act of 1852 is, with the addition of the words *"no indictment shall be quashed,"* a mere copy of the *Statute* 7 *Geo.* 4, *ch.* 64, *secs.* 20, 21, and the English decisions, under this statute, declare the *enumerated defects* to be *equally fatal* on *demurrer*. *Arch. Cr. Law*, 37, 52, 54, 78, 79.

3rd. The demurrer opens the *whole record* to the inspection of the court, and this record shows the institution of the whole proceedings in this prosecution in a court which has no jurisdiction, and which is unknown to the constitution and laws of this State. The indictment, moreover, does not profess to be

Wedge vs. The State.

found by the *grand jury;* it simply says, "the *jurors* upon their oaths do say," &c.

*James Revell,* State's Attorney for Anne Arundel county, for the State:

1st. Every necessary allegation in the indictment was sufficiently set forth, and, as the venue, it sufficiently charged the offence to have been committed in Prince Georges county. *Arch. Cr. Pl.,* 16. 1 *Chitty's Cr. Law,* 177, 193.

2nd. But even if the indictment is defective at common law, the defect is cured by the act of 1852, *ch.* 63, *sec.* 2. That act says, that no indictment shall be *quashed,* nor shall any judgment be *stayed* or *reversed,* "for want of a proper or perfect venue, when the court shall appear, by the indictment, inquisition or presentment, or by the statement of the *venue in the margin thereof,* to have had jurisdiction over the offence." This, in effect, makes the caption or *margin* a part of the indictment, and the reference thereto, by the words "then and there," in the body of the indictment, makes the venue perfect.

3rd. The other objections urged against this indictment, are cured by the words of the same law which prohibit the quashing of an indictment, or the staying or reversal of the judgment, "by reason of any mere defect or imperfection in matters of form, which shall not tend to the prejudice of the defendant."

TUCK, J., delivered the opinion of this court.

We are of opinion that the ruling of the court below on the demurrer was correct, and affirm the judgment.

All the defects in the indictment, suggested in behalf of the plaintiff in error, are within the act of 1852, ch. 63, and for none of them can the judgment be reversed. The act, in effect, makes the margin part of the indictment, and thus cures the supposed defect as to want of a venue. Its design was to relieve prosecutions against offenders from some of the technical refinements existing at common law, and should be construed rationally. *Keller vs. State,* 11 *Md. Rep.,* 525. We cannot suppose that the accused, with that indictment before

him, could be ignorant that he was charged with the commission of a larceny in Prince Georges county, and that his defence must be shaped accordingly.

The other objections to the indictment, if defects at all, are mere imperfections in matters of form, which, in the language of the act, "did not tend to the prejudice of the defendant."

As the reasons assigned in support of the motion in arrest of judgment, are based on matters which, if available at all, might be urged on demurrer, the act of Assembly denies to the plaintiff in error any benefit of that motion. The subject of the motion, however, was necessarily considered in disposing of the demurrer.

*Judgment affirmed.*